DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: *daniel.hollingsworth@usdoj.gov*
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:13-CV-462-JCM-(GWF) |
| $168,702.91 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO MATTHEW TAYLOR AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and Matthew Taylor, by and through his counsel, Shawn R. Perez, respectively, stipulate as follows:

1. This case is a civil forfeiture action seeking to forfeit $168,702.91 in United States Currency under 31 U.S.C. § 5317(c)(2).

. . .

2. In agreeing to forfeit the $168,702.91 in United States Currency, Matthew Taylor does not admit to any crimes, illegal activity, or wrong doing, and nothing herein shall be construed as an admission of any wrongdoing on the part of Matthew Taylor in any way or as to any matter.

3. Matthew Taylor knowingly and voluntarily agrees to the civil judicial forfeiture of the $168,702.91 in United States Currency.

4. Matthew Taylor knowingly and voluntarily agrees to forfeit the $168,702.91 in United States Currency to the United States.

5. Matthew Taylor knowingly and voluntarily agrees to relinquish all right, title, and interest in the $168,702.91 in United States Currency.

6. Matthew Taylor knowingly and voluntarily agrees to waive his right to any civil judicial forfeiture proceedings ("proceedings") concerning the $168,702.91 in United States Currency.

7. Matthew Taylor knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $168,702.91 in United States Currency arising from the facts and circumstances of this case.

8. Matthew Taylor knowingly and voluntarily agrees to waive any further notice to him, his agent, or his attorney regarding the forfeiture and disposition of the $168,702.91 in United States Currency.

9. Matthew Taylor knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $168,702.91 in United States Currency.

10. Matthew Taylor knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the $168,702.91 in United States Currency.

11. Matthew Taylor knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Civ. P. Supp. Rule A, C, E, and G, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $168,702.91 in United States Currency.

12. Matthew Taylor knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $168,702.91 in United States Currency.

13. Matthew Taylor knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $168,702.91 in United States Currency.

14. Matthew Taylor knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $168,702.91 in United States Currency to the United States.

15. Matthew Taylor understand that the forfeiture of the $168,702.91 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Matthew Taylor in addition to forfeiture.

16. Matthew Taylor knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Matthew Taylor and Order ("Settlement Agreement").

17. Matthew Taylor knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the Department of the United States Treasury, the United States Attorney's Office for the District of Nevada, the Internal Revenue Service, the Henderson Police Department, their agencies, their agents, and their employees from any claim made by Matthew Taylor or any third party arising out of the facts and circumstances of this case.

18. Matthew Taylor knowingly and voluntarily releases and forever discharge the United States, the United States Department of Justice, the Department of the United States Treasury, the United States Attorney's Office for the District of Nevada, the Internal Revenue Service, the Henderson Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Matthew Taylor now have or may hereafter have on

. . .

account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

19. Matthew Taylor knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Shawn R. Perez, on behalf of Matthew Taylor, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

20. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Matthew Taylor one payment of $128,702.91 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Shawn R. Perez. Matthew Taylor knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Matthew Taylor knowingly and voluntarily agrees the $128,702.91 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

21. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

22. The Settlement Agreement contains the entire agreement between the parties.

23. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

24. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

25. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

| | |
|---|---|
| 1 | IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $168,702.91 in United States Currency. |

DATED: _____          DATED: January 22, 2014

/s/ Shawn R. Perez                                      DANIEL G. BOGDEN
SHAWN R. PEREZ                                      United States Attorney
Counsel for Matthew Taylor

DATED: 11-14-13                                       /s/Daniel D. Hollingsworth
                                                                  DANIEL D. HOLLINGSWORTH
                                                                  Assistant United States Attorney

/s/ Matthew Taylor
Matthew Taylor


IT IS SO ORDERED:

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE
DATED: January 24, 2014

6